UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                                    Chapter 13

SONIA M. MIRANDA,                                          Case No.: 23-73373-ast

                              Debtor.
-----------------------------------------------------------X
SONIA M. MIRANDA,

                              Plaintiff,

          -against-                                                  Adv. Pro. No. 23-08068-ast

TLB 2019 LLC,
                                                                         **<u>NOTICE OF MOTION</u>**

                              Defendant.
-----------------------------------------------------------X

**S I R S / M A D A M S**:

        **PLEASE TAKE NOTICE**, that the annexed Motion of the plaintiff, SONIA

MIRANDA (the "**Plaintiff**"), by her attorneys, Lester Korinman Kamran & Masini, P.C., the

undersigned, will move before the Honorable Alan S. Trust at the Long Island Federal

Courthouse, 290 Federal Plaza (Courtroom 960), Central Islip, New York 11722 on the 27th day

of February, 2024 at 1:30 p.m. of that day, or as soon thereafter as counsel can be heard, for an

Order and Judgment pursuant to Fed. R. Civ. P. Rule 56 of the Federal Rules of Civil Procedure,

made applicable to this adversary proceeding pursuant to Rule 7056 of the Federal Rules of

Bankruptcy Procedure: (i) granting the Plaintiff summary judgment on all claims for relief

contained in the Plaintiff's Complaint herein, and (ii) for such other, further, and different relief

as the Court may deem just and proper under the circumstances.

        **PLEASE TAKE FURTHER NOTICE** that commencing with hearings scheduled for

March 8, 2022, and continuing thereafter, all attorneys and unrepresented parties are required to

register for the hearing(s) at least two (2) business days in advance of the scheduled hearing by

using the Court's eCourt appearances platform: https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl.

     **PLEASE TAKE FURTHER NOTICE** that any party wishing to oppose or otherwise respond to this motion must file a response in writing and filed with the Clerk of the Court on or before February 23, 2024, as agreed by the parties hereto.

Dated: February 13, 2024
      Garden City, New York

                                    LESTER KORINMAN
                                    KAMRAN & MASINI, P.C.

                                    /s/ *Peter K. Kamran*
                          By:  Peter K. Kamran, Esq.
                                      600 Old Country Road, Suite 330
                                      Garden City, New York 11530
                                      (516) 357-9191
                                      pkamran@lesterfirm.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                                      Chapter 13

SONIA M. MIRANDA,                                             Case No.: 23-73373-ast

                                Debtor.
-----------------------------------------------------------X

SONIA M. MIRANDA,

                              Plaintiff,

               -against-                                         Adv. Pro. No. 23-08068-ast

TLB 2019 LLC,

                              Defendant.
-----------------------------------------------------------X

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURUANT TO RULE 7056 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

TO:    THE HONORABLE ALAN S. TRUST
        CHIEF UNITED STATES BANKRUPTCY JUDGE:

The plaintiff, Sonia Miranda (the "**Plaintiff**"), by and through her attorneys, Lester Korinman Kamran & Masini, P.C., respectfully moves this Court for an Order and Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, granting summary judgment against the defendant, TLB 2019 LLC ("**TLB**"): (i) avoiding the transfer of title to Plaintiff's residence commonly known as 300 Pennsylvania Avenue, Mineola, New York (the "**Residence**") to defendant TLB for unpaid property taxes in the amount of $1,841.48, (ii) voiding the tax deed giving TLB title to the Residence and restoring Plaintiff's ownership and possessory rights to her home, as set forth in the deed dated December 6, 2000, recorded in the Nassau County Clerk's office at Liber D 11294 at pages 828 to 830, and (iii) for any such other and further relief as is deemed just and proper under the circumstances.

## I.      BACKGROUND

1.      The factual background is contained in the Joint Statement of Material Facts (the "**Jt. Statement**") and the Declaration of Sonia Miranda, both of which are submitted herewith.

## II.     PLAINTIFF HAS STANDING TO BRING THIS ADVERSARY PROCEEDING PURSUANT TO 11 U.S.C. §522(h)

2.      Initially, it should be noted that Plaintiff has standing to bring this Adversary Proceeding.  The Chapter 13 Trustee may avoid any transfer by a debtor, whether voluntary or involuntary, that was made within two (2) years of the filing of the petition, if the debtor received less than a reasonably equivalent value in exchange for such transfer and was insolvent on the date of such transfer or was rendered insolvent by such transfer. 11 U.S.C. §§ 548(a)(1)(B)(i) and ii(I).

3.      Here, the Chapter 13 Trustee has not attempted to set aside the transfer of Plaintiff's residence to TLB, pursuant to 11 U.S.C. § 548(a)(1)(B). Moreover, on September 20, 2023, Counsel for the Plaintiff inquired of the Chapter 13 Trustee, Krista M. Preuss, Esq., whether her office would seek to avoid the transfer.  On September 21, 2023, her office stated that they would not pursue the avoidance action and that it is left to the Plaintiff to pursue.

4.      Consequently, Plaintiff has asserted the power to step into the shoes of the Trustee to avoid the transfer of her Residence pursuant to 11 U.S.C. § 522(h).

## III.    THE TRANSFER OF PLAINTIFF'S HOME WAS A FRAUDULENT TRANSFER

5.      "The Bankruptcy Code empowers debtors to set aside a transfer of property if (1) the debtor had an interest in property; (2) a transfer of that interest occurred on or within two years of the bankruptcy petition; (3) the debtor was insolvent at the time of the transfer or became insolvent as a result of the transfer; and (4) the debtor received "less than a reasonably

equivalent value in exchange for such transfer[,]" 11 U.S.C. § 548(a); *see id.* § 522(h)."

*Gunsalus v County of Ontario*, 37 F.4th 859, 864 [2d Cir 2022])

    (i)    <u>PLAINTIFF HAD AN OWNERSHIP INTEREST IN THE RESIDENCE</u>

6.    Here, there is no dispute that prior to the Transfer, Plaintiff had an ownership interest in the Residence.  Jt. Statement at ¶2.

    (ii)    <u>THE TRANSFER OF PLAINTIFF'S RESIDENCE OCCURRED WITHIN
TWO YEARS OF THE FILING OF THE BANKRUPTCY PETITION</u>

7.    In a similar vein, there can be no dispute that the Transfer of Plaintiff's Residence occurred within two years of Plaintiff's filing of her petition commencing her Chapter 13 Case. <u>See id.</u> at ¶¶5 and 16.

    (iii)    <u>THE TRANSFER OF PLAINTIFF'S RESIDENCE RENDERED PLAINTIFF INSOLVENT</u>

8.    As set forth in Plaintiff's accompanying declaration (the "**Miranda Dec.**") at the time of the Transfer of title to her Residence (February 7, 2022), Plaintiff was clearly rendered insolvent by the transfer of her Residence.

9.    At the time of the Transfer, aside from clothing and household furnishings, Plaintiff's only asset (and by far the most significant in value) was Plaintiff's and her family's home – the Residence – which was worth between $600,000.00 and $650,000.00.  Miranda Dec. at ¶4.

10.    Furthermore, at that time, Plaintiff was not employed, did not have any income or savings, and did not even have a bank account.  <u>Id.</u> at ¶5.

11.    Thus, leaving clothing and household furnishings aside, the Transfer of Plaintiff's Residence essentially left Plaintiff with a net worth of zero.

12.    In contrast, at the time of the Transfer, Plaintiff owed almost $40,000.00 in credit card debt (Miranda Dec. at ¶6) which Plaintiff now had absolutely no way to pay.

13.     Based on the above, it is clear the Transfer of the Plaintiff's Residence rendered Plaintiff insolvent.

(iv)    PLAINTIFF DID NOT RECEIVE REASONABLY EQUIVALENT
        <u>VALUE IN EXCHANGE FOR THE TRANSFER.</u>

14.     Plaintiff's Residence with a value of between $600,000.00 and $650,000.00 (Miranda Dec. at ¶4) was transferred to defendant TLB via Treasurer's deed in satisfaction of a tax lien in the amount of $1,841.48 plus interest (Jt. Statement at ¶¶3-5). Notably, this deed was not the result of an auction, TLB merely waited for the statutory redemption period to expire and then obtained the Treasurer's deed. <u>Id.</u> at ¶5.

15.     Thus, as a result of the Transfer Plaintiff lost, approximately, $551,000.00[1] of equity in her home (the Residence) in exchange for satisfaction of a $2,000.00 real estate tax lien for which Plaintiff wasn't even personally liable.

16.     Based on the above, it cannot rationally be argued that Plaintiff received reasonably equivalent value in exchange for the Transfer.

IV.    CONCLUSION

17.     Summary judgment is appropriate here as there is no genuine dispute as to any material fact and the Defendant is entitled to judgment as a matter of law. Fed. R. Bankr. Proc. 7056. <u>See</u> *Marini v. Adamo* (In re Adamo), 560 B.R. 642, 646 (Bankr. E.D.N.Y. 2016).

18.     Based on the above it is apparent that the Transfer of Plaintiff's Residence in exchange for satisfaction of real estate tax lien amounting to approximately $2,000.00 constituted a fraudulent transfer and as such the Transfer of Plaintiff's Residence should be voided pursuant to 11 U.S. C. §548(a)(1)(B).

---

[1] $600.000.0 value minus $2,000.00 representing TLB's tax lien, and minus $47,000.00 for the tax lien held by Allyrn LLC (Miranda Dec. at ¶6 and <u>Exhibit "C"</u>.

WHEREFORE, the Plaintiff respectfully requests that this Court enter an Order and Judgment granting the instant motion in all respects, and granting any such other and further relief as this Court may deem just and proper under the circumstances.

Dated: February 13, 2024
       Garden City, New York

LESTER KORINMAN
KAMRAN & MASINI, P.C.

/s/ *Peter K. Kamran*

By:  Peter K. Kamran, Esq.
     600 Old Country Road, Suite 330
     Garden City, New York 11530
     (516) 357-9191
     pkamran@lesterfirm.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re:

     SONIA M. MIRANDA,

                        Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

     SONIA M. MIRANDA,

                        Plaintiff

       -against-

     TLB 2019 LLC,

                        Defendant
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Chapter 13
Case No.: 23-73373-ast

Adv. Pro.No. 8-23-08068-ast

## JOINT STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

     Plaintiff, Sonia M. Miranda (the "Debtor" )and Defendant, TLB 2019 LLC, ("TLB")

by their respective counsel, hereby submit the following statement of Material Facts Not

in Dispute, pursuant to Federal Bankruptcy Rule of Procedure 7056 and Local

Bankruptcy Rule 7056-1:

     1.    The Debtor resides at the property at 300 Pennsylvania Avenue, Mineola,

NY ("the Property") (Complaint, Par. 7).

     2.    The Debtor had owned the Property with her deceased husband, Jose M.

Pinheiro, prior to TLB acquiring title by way of a tax lien foreclosure. (Complaint Par.

16).

     3.    The Debtor failed to pay the taxes due to the Village of Mineola in the sum

of $1,841.48 for the 2018-2019 tax year giving rise to a tax lien. (Complaint, Par.15, 16).

     4.    On March 14, 2019, defendant, TLB bought the tax lien attributable to the

Village of Mineola 2018-19 tax year that the Debtor failed to pay (Complaint, Par.17).

5.    On May 10, 2021, TLB arranged for a "Notice to Redeem Taxes" to be served upon the debtor.   On February 7, 2022, after the statutory period to redeem expired, TLB acquired title to the property by way of a Treasurer's Deed (Complaint, Par. 18).

6.    On February 9, 2022, TLB commenced a "quiet title" action in Supreme Court Nassau County for a judgment declaring it to be the owner of the property. (Defendant's Motion to Vacate Automatic Stay, Par. 6).

7.    Upon Debtor's default, by Judgment dated May 11, 2022 and entered on May 16, 2022, the Supreme Court, Nassau County declared TLB to be the owner of the property (Motion to Vacate Automatic Stay, Par. 6).

8.    Since the Debtor did not appear in the "quiet title" action (despite having been served with the Summons and Complaint and Notice of Pendency on March 1, 2022), the Debtor did not raise an issue in the "quiet title" action, as a defense or counterclaim, as to TLB's acquisition of the property being a voidable transfer (Motion to Vacate Automatic Stay, Par. 6).

9.    The Judgment dated May 11, 2022, has not been vacated or appealed from, and Notice of Entry of same was served on the debtor.

10.    TLB then proceeded to start a holdover action to acquire possession and evict the Debtor from the property. (Motion to Vacate Automatic Stay, Par. 19).

11.    After a trial on April 4, 2023,   the Nassau County District Court awarded a Warrant of Eviction and Judgment of Possession in favor of TLB, with a stay of

execution until August 15, 2023. (Motion to Vacate Automatic Stay, Par. 19).

      12.    The Judgment of Possession and the Warrant of Eviction were issued by the Nassau County District Court on May 1, 2023 (Complaint, Par. 19).

      13.    The Debtor did not raise an issue in the eviction proceeding, as a defense or counterclaim, as to TLB's acquisition of the property being a voidable transfer. (Motion to Vacate Automatic Stay, Par. 7).

      14.    The Judgment of Possession and Warrant of Eviction have not been vacated or appealed from.

      15.    TLB arranged for the Nassau County Sheriff to serve a "14 Day Notice" upon the Debtor at the property. (Motion to Vacate Automatic Stay, Par.7).

      16.    On September 12, 2023 the Debtor filed a Chapter 13 Petition, which operated to stay the Sheriff's eviction. (Complaint, Par. 20).

      17.    On September 21, 2023 TLB filed a motion to vacate the automatic stay, so as to enable it to complete the aforementioned eviction proceeding. (BK ECF Docket #12).

      18.    On October 11, 2023 the Debtor commenced this action seeking to set aside the Treasurer's Deed referenced to above, pursuant to §522(h) and §548(a)(1)(B) of the Bankruptcy Code. (BK ECF Document # 1).

      19.    The Debtor has declared a homestead exemption on the property pursuant to N.Y. CPLR 5206 (Complaint par. 22).

      20.    On October 11, 2023, Plaintiff filed Opposition to the Motion to Vacate the Automatic Stay (BK ECF Document # 22).

      21.    Defendant filed a Reply on October 17, 2023 (BK ECF Document # 23).

22.     On November 3, 2023 TLB filed its Amended Answer and Counterclaim

(Adv. Pro. ECF Document # 6).

23.     On November 15, 2023, the Debtor filed her Reply to Counterclaim (Adv.

Pro. ECF Document #7).

24.     Since TLB acquired title to the property, the Debtor has paid nothing to

TLB for her use and occupancy of the property. (Answer, Par. 53).

25.     Since TLB bought the aforementioned tax lien, it purchased an additional

tax lien on the property; claims it is entitled to accrued interest on the tax liens it bought,

and it claims it has incurred expenses in acquiring title to the property plus legal fees

and costs in enforcing its rights to the property, all totaling $21,779.02 as of the filing

date. (Answer, Par. 57).


Dated:   Carle Place, NY
         January 25 2024


Lester, Korinman, et al.              Jeff Morgenstern, PLLC
Attorney for Plaintiff                Attorney for Defendant
600 Old Country Road                  One Old Country Road
Suite 330                             Suite 320
Garden City, NY 11530                 Carle Place, NY 11514
                                      (516) 739-5908

By: _____                  /s/ Jeff Morgenstern
     Peter Kamran                     Jeff Morgenstern (JM-4163)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                                        Chapter 13

SONIA M. MIRANDA,                                                Case No.: 23-73373-ast

                                    Debtor.
--------------------------------------------------------X
SONIA M. MIRANDA,

                                    Plaintiff,

                -against-                                                   Adv. Pro. No. 8-23-08068-ast

TLB 2019 LLC,
                                    Defendant.
--------------------------------------------------------X

### DECLARATION OF SONIA MIRANDA

Sonia Miranda, pursuant to 28 U.S.C. § 1746, hereby deposes and says:

1.      I am the plaintiff in the above-captioned adversary proceeding and I am fully

familiar with the matters set forth herein and prior to the Transfer (as that term is defined below)

I was the owner of the real property commonly known as 300 Pennsylvania Avenue, Mineola,

New York (the "**Residence**").

2.      I submit this declaration in support of my motion for summary judgment seeking a

judgment from this Honorable Court (i) avoiding the transfer of title to my Residence to defendant

TLB 2019 LLC ("**TLB**") for unpaid property taxes in the amount of $1,841.48, (ii) voiding the tax

deed giving TLB title to the Residence and restoring my ownership and possessory rights to my

home, as set forth in the deed dated December 6, 2000, recorded in the Nassau County Clerk's

office at Liber D 11294 at pages 828 to 830, and (iii) for any such other and further relief as is

deemed just and proper under the circumstances.

3.      By deed executed by the Treasurer of the Village of Mineola dated February 7,

2022, TLB obtained title to my Residence (the "**Transfer**").

4.      At the time of the Transfer, aside from clothing and home furnishings, the Residence was my sole and most substantial asset (and also my family's home) having a value of between approximately \$600,000[1] and \$650,000.00 as set forth in my Chapter 13 Schedules on Schedule A/B which is attached hereto as Exhibit "B".

5.      At the time of the Transfer, I did not have a job and did not have any income or savings. Indeed, at the time of the Transfer I did not even have a bank account.

6.      At the time of the Transfer, in addition to real estate taxes in the approximate amount of \$47,000.00[2], I owed approximately \$11,845.09 to JHPDE Finance 1 LLC[3] regarding a debt I had for a Citibank credit card and almost \$20,000.00 to Chase Bank on account of a credit card I had with Chase Bank (these debts are listed in my Chapter 13 Schedules on Schedules E/F).

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: February 12, 2024
       Garden City, New York

_SONIA M. MIRANDA_
SONIA MIRANDA

---

[1] Attached hereto as Exhibit "A" is a copy of TLB's proof of claim filed in my Chapter 13 case asserting a value of the Residence to be \$600,000..

[2] Attached hereto as Exhibit "C" is a copy of the proof of claim filed by Allyrn LLC indicating the taxes owed are from 2018 and that a judgment of foreclosure and sale was entered on February 14, 2022. See also Exhibit "A", indicating the tax liens TLB purchased were for taxes due in 2019 and 2020

[3] Attached hereto as Exhibit "D" is a copy of the proof of claim filed by JHPDE Finance 1 LLC in the Chapter 13 case indicating the charge off date for the credit card was December 19, 2017.

# EXHIBIT "A"

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor 1</td><td>Sonia M. Miranda</td></tr>
<tr><td>Debtor 2<br/>(Spouse, if filing)</td><td></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Eastern District of New York</td></tr>
<tr><td>Case number</td><td>8-23-73373</td></tr>
</table>

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | TLB 2019 LLC<br/>Name of the current creditor (the person or entity to be paid for this claim)<br/><br/>Other names the creditor used with the debtor _____ |
| **2. Has this claim been acquired from someone else?** | ☒ No<br/>☐ Yes.  From whom? _____ |
| **3. Where should notices and payments to the creditor be sent?**<br/><br/>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br/><br/>Carolyn Bichoupan, Esq.<br/>Name<br/><br/>175 East Shore Road, Ste 270<br/>Number    Street<br/>Great Neck, New York 11023<br/>City                  State              ZIP Code<br/><br/>Contact phone 516-482-1186<br/>Contact email Carolyn@Bichoupan.com<br/><br/>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br/>____ ____ ____ ____ ____ ____ ____ ____ ____ ____ ____ ____ | Where should payments to the creditor be sent? (if different)<br/><br/>Name<br/><br/>Number        Street<br/>City                  State              ZIP Code<br/><br/>Contact phone _____<br/>Contact email _____ |
| **4. Does this claim amend one already filed?** | ☒ No<br/>☐ Yes.  Claim number on court claims registry (if known) _____    Filed on ___ / ___ / _____<br/>MM  / DD  / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No<br/>☐ Yes.  Who made the earlier filing? _____ |

Official Form 410                         Proof of Claim                                    page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**

$ _95,000.00 *SEE RIDER_  Does this amount include interest or other charges?

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Village of Mineola Tax Lien Certificate No. 15, dated March 14, 2019, and Certificate No. 13, dated May 13, 2020, and Treasurer's Deed, dated 2/7/22

**9. Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:  $ 600,000.00

Amount of the claim that is secured:  $ _____

Amount of the claim that is unsecured: $ _95,000.00_  (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:  $ 95,000.00

Annual Interest Rate (when case was filed) _0_ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.  $ _____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. *Check one:* | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date ___10/30/2023___
        MM / DD / YYYY

Signature: ___/s/ Carolyn Bichoupan___

Print the name of the person who is completing and signing this claim:

| Name | Carolyn | | Bichoupan |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney for Creditor | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 175 East Shore Road, Ste. 270 | | |
| | Number    Street | | |
| | Great Neck, New York 11023 | | |
| | City | State | ZIP Code |
| Contact phone | 516-482-1186 | Email | Carolyn@Bichoupan.com |

## RIDER TO PROOF OF CLAIM

The claim is for use and occupancy of Claimant's house at the fair market rate of $5,000.00 a month from 2/7/2022 to 9/7/2023 = $95,000.00

If the Debtor is successful in setting aside the deed to Claimant and regaining title, then Claimant asserts an alternative secured claim for the monies expended to buy the tax liens on the house (plus accrued interest at 1% a month until satisfied), and to acquire the deed and enforce its rights thereunder.

As of the filing date, that total was $21,779.02.

TLB 2019 LLC v Miranda
300 Pennsylvania Ave Mineola
SBL: 09-338-07150
October 30, 2023

| | |
|---|---|
| Purchase date: 3/14/2019 Cert # 15 | $1,841.48 |
| Interest: 1% per month 18.41 x 55 months | $1,012.55 |
| Purchase date: 5/13/20 Cert # 13 | $2,647.05 |
| Interest: 1% per month 26.47 x 41 months | $1,085.27 |
| **Total Liens and Interest to date** | **$6,586.35** |
| NTR fee on Cert # 15 | $250.00 |
| Index Judgment | $375.00 |
| Transfer and Deed Recording | $1,640.00 |
| Legal fees for L/T action | $6,353.33 |
| Costs for L/T action | $451.73 |
| Legal fees for QT action | $4,693.33 |
| Costs for QT action | $1,429.28 |
| **Total Costs** | **$15,192.67** |
| **Total Liens, Interest and Costs:** | **$21,779.02** |

# EXHIBIT "B"

<table>
<tr><td colspan="4"><strong>Fill in this information to identify your case and this filing:</strong></td></tr>
<tr>
<td>Debtor 1</td>
<td colspan="3"><strong>Sonia M. Miranda</strong></td>
</tr>
<tr>
<td></td>
<td>First Name</td>
<td>Middle Name</td>
<td>Last Name</td>
</tr>
<tr>
<td>Debtor 2<br>(Spouse, if filing)</td>
<td></td>
<td></td>
<td></td>
</tr>
<tr>
<td></td>
<td>First Name</td>
<td>Middle Name</td>
<td>Last Name</td>
</tr>
<tr>
<td>United States Bankruptcy Court for the:</td>
<td colspan="3">EASTERN DISTRICT OF NEW YORK</td>
</tr>
<tr>
<td>Case number</td>
<td colspan="3"><strong>8-23-73373</strong></td>
</tr>
</table>

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once.  If an asset fits in more than one category, list the asset in the category where you think it fits best.  Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ■ No. Go to Part 2.
   ☐ Yes.  Where is the property?

**Part 2:** Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

   ■ No
   ☐ Yes

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ■ No
   ☐ Yes

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.........................................................................=>**   | **$0.00** |

**Part 3:** Describe Your Personal and  Household Items

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes.  Describe.....

| Furniture - Debtor's Residence | $1,000.00 |
|---|---|

| Debtor 1 | **Sonia M. Miranda** | | Case number *(if known)* | **8-23-73373** |

**7. Electronics**

*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No

■ Yes. Describe.....

| Electronics - Debtors Residence | $600.00 |

**8. Collectibles of value**

*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No

☐ Yes. Describe.....

**9. Equipment for sports and hobbies**

*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No

☐ Yes. Describe.....

**10. Firearms**

*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

■ No

☐ Yes. Describe.....

**11. Clothes**

*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No

■ Yes. Describe.....

| Clothing - Debtor's Residence | $500.00 |

**12. Jewelry**

*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

■ No

☐ Yes. Describe.....

**13. Non-farm animals**

*Examples:* Dogs, cats, birds, horses

☐ No

■ Yes. Describe.....

| 1 Bird - Debtor's Residence | $0.00 |

**14. Any other personal and household items you did not already list, including any health aids you did not list**

■ No

☐ Yes. Give specific information.....

15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ............................................................................

| $2,100.00 |

| **Part 4:** | Describe Your Financial Assets | |
|---|---|---|
| Do you own or have any legal or equitable interest in any of the following? | | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |

**16. Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No

| Debtor 1 | **Sonia M. Miranda** | | Case number *(if known)* | **8-23-73373** |

■ Yes.........................................................................................

| | | Cash - Debtor's Residence | $20.00 |

**17. Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

■ Yes.....................

| | | Institution name: | |
| 17.1. | checking and savings | **Citibank**<br>**Checking acct # ending 4603 - $83.19 as of 9/10/23**<br>**Savings acct # ending 7916 - $24,938.25 as of 9/10/23**<br>***Both accts joint with daughter.  Debtor's value is HALF of both accts** | $12,510.72 |
| 17.2. | Checking | **Chase Bank** | $0.00 |

**18.  Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No
☐ Yes.................                   Institution or issuer name:

**19.  Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

■ No
☐ Yes.  Give specific information about them...................
                         Name of entity:                                              % of ownership:

**20.  Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No
☐ Yes. Give specific information about them
                         Issuer name:

**21.  Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

■ No
☐ Yes. List each account separately.
                         Type of account:                   Institution name:

**22.  Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No
☐ Yes. ....................                   Institution name or individual:

**23.  Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No
☐ Yes............            Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No
☐ Yes.............            Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

Debtor 1    **Sonia M. Miranda**                                    Case number *(if known)*  **8-23-73373**

25.  **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
- ■ No
- ☐ Yes.  Give specific information about them...

26.  **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
       *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
- ■ No
- ☐ Yes.  Give specific information about them...

27.  **Licenses, franchises, and other general intangibles**
       *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
- ■ No
- ☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28.  **Tax refunds owed to you**
- ■ No
- ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29.  **Family support**
       *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
- ■ No
- ☐ Yes. Give specific information......

30.  **Other amounts someone owes you**
       *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
                   benefits; unpaid loans you made to someone else
- ■ No
- ☐ Yes.  Give specific information..

31.  **Interests in insurance policies**
       *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
- ■ No
- ☐ Yes. Name the insurance company of each policy and list its value.
           Company name:                              Beneficiary:                        Surrender or refund value:

32.  **Any interest in property that is due you from someone who has died**
       If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
- ■ No
- ☐ Yes.  Give specific information..

33.  **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
       *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
- ☐ No
- ■ Yes.  Describe each claim.........

| Fraudulent conveyance action against TLB 2019 LLC rfegarding tax deed for 300 Pennsylvania Ave, Mineola, NY | $650,000.00 |
|---|---|

34.  **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
- ■ No
- ☐ Yes.  Describe each claim.........

Debtor 1    **Sonia M. Miranda**                                                    Case number *(if known)*  **8-23-73373**

35. **Any financial assets you did not already list**
    ■ No
    ☐ Yes.  Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
    for Part 4. Write that number here**.................................................................................................................  | **$662,530.72**

| **Part 5:** | **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.** |

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1. |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ■ No. Go to Part 7.
    ☐ Yes.  Go to line 47.

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ■ No
    ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here**  ....................................  | **$0.00**

| **Part 8:** | **List the Totals of Each Part of this Form** |

55. **Part 1: Total real estate, line 2** ...............................................................................................  **$0.00**
56. **Part 2: Total vehicles, line 5**                                                              **$0.00**
57. **Part 3: Total personal and household items, line 15**                                        **$2,100.00**
58. **Part 4: Total financial assets, line 36**                                                    **$662,530.72**
59. **Part 5: Total business-related property, line 45**                                           **$0.00**
60. **Part 6: Total farm- and fishing-related property, line 52**                                  **$0.00**
61. **Part 7: Total other property not listed, line 54**                                      +    **$0.00**

62. **Total personal property.** Add lines 56 through 61...     **$664,630.72**     Copy personal property total     **$664,630.72**

63. **Total of all property on Schedule A/B.** Add line 55 + line 62                               **$664,630.72**

# EXHIBIT "C"

Fill in this information to identify the case:

Debtor 1  Sonia M. Miranda

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Eastern  District of  New York

Case number  8-23-73373

## Official Form 410

# Proof of Claim                                        04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

ALLRYN LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☒ Yes. From whom?  L&L Associates Holding Corp.

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Carolyn Bichoupan, Esq.
Name

175 E. Shore Rd, Ste. 270,
Number        Street

Great Neck, New York 11023
City                     State                ZIP Code

Contact phone  516 482-1186

Contact email  Carolyn@Bichoupan.com

Where should payments to the creditor be sent? (if different)

Name

Number        Street

City            State        ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☒ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____ / _____ / _____
              MM   /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes.  Who made the earlier filing? _____

Official Form 410                    **Proof of Claim**                    page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 44,450.27 . Does this amount include interest or other charges?

☐ No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Nassau County Tax Lien Certificate #2018002183 and
Judgement of Foreclosure and Sale entered under Index No. 610568/2021

**9. Is all or part of the claim secured?**

☐ No

☒ Yes. The claim is secured by a lien on property.

Nature of property:

☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: Tax Lien

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ _____

Amount of the claim that is secured: $ 44,450.27

Amount of the claim that is unsecured: $ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ 44,450.27

Annual Interest Rate (when case was filed) 9 %

☒ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☒ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☒ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $ 44,450.27

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  10/30/2023
                  MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name      Carolyn                              Bichoupan
          First name        Middle name        Last name

Title     Attorney for Creditor

Company   _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   175 East Shore Road, Ste. 270
          Number    Street
          Great Neck, New York 11023
          City                      State      ZIP Code

Contact phone  516-482-1186          Email  Carolyn@Bichoupan.com

Allryn LLC - JFS date of entry 2/14/22
300 Pennsylvania Ave Mineola
SBL: 09-338-07150
October 31, 2023

| | |
|---|---:|
| Costs per JFS | $2,210.00 |
| 9% annual Interest 2/14/22 to 10/31/23 (good thru payoff date) | $364.54 |
| Allowance per JFS | $300.00 |
| 9% annual Interest 2/14/22 to 10/31/23 (good thru payoff date) | $49.50 |
| Amount per Referee Report | $28,398.06 |
| Interest as per lien cert 2.5% per 6 mo. from date of report 1/20/22 to 2/14/22 date of entry | $709.95 |
| 9% annual Interest 2/15/22 to 10/31/23 | $4,685.56 |
| Attorney fees per JFS | $6,637.50 |
| 9% annual Interest 2/14/22 to 10/31/23 | $1,095.16 |
| **Total:** | **$44,450.27** |

# EXHIBIT "D"

**Fill in this information to identify the case:**

Debtor 1    Sonia M Miranda

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Eastern   District of   NY

Case number   23-73373

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

| Part 1: | Identify the Claim |
|---|---|

| 1. Who is the current creditor? | Quantum3 Group LLC as agent for JHPDE Finance 1 LLC |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor   Citi Diamond Preferred Card |

| 2. Has this claim been acquired from someone else? | ☐ No |
|---|---|
| | ☑ Yes. From whom?   Citibank N.A. |

| 3. Where should notices and payments to the creditor be sent? | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Quantum3 Group LLC as agent for JHPDE Finance 1 LLC | Quantum3 Group LLC |
| | Name | Name |
| | PO Box 788 | PO Box 2489 |
| | Number    Street | Number    Street |
| | Kirkland      WA    98083-0788 | Kirkland      WA    98083-2489 |
| | City    State    ZIP Code | City    State    ZIP Code |
| | Contact phone   (425) 242-7100 | Contact phone   (425) 242-7100 |
| | Contact email   claims@quantum3group.com | Contact email   accounting@quantum3group.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

Q 2 0 7 0 9 3 6 3 6 4 __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

| 4. Does this claim amend one already filed? | ☑ No |
|---|---|
| | ☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____ |
| | MM / DD / YYYY |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No |
|---|---|
| | ☐ Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 5 5 8 4

**7. How much is the claim?** $ 11,845.09 . **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   11/16/2023
                 MM / DD / YYYY

/s/ Jessi White
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Jessi _____ White _____ |
|---|---|
| | First name          Middle name          Last name |
| Title | Authorized Agent for Creditor |
| Company | Quantum3 Group LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | PO Box 788 |
| | Number          Street |
| | Kirkland          WA          98083-0788 |
| | City          State          ZIP Code |
| Contact phone | (425) 242-7100          Email claims@quantum3group.com |

## Bankruptcy Rule 3001(c)(3)(A) Statement of Account Information

| Account Number(s) (redacted) | Original Creditor | Merchant Name |
|---|---|---|
| 5584 | Citibank N.A. | Citi Diamond Preferred Card |

| Account Name(s) | |
|---|---|
| SONIA MARIA MIRANDA; | |
| ; | |

| Current Creditor/Assignee | Previous Creditor/Assignor | |
|---|---|---|
| JHPDE Finance 1 LLC | Citibank N.A. | |

| Open Date | Last Payment Date | Charge Off Date |
|---|---|---|
| 03/01/1994 | 08/16/2023 | 12/19/2017 |

| Last Transaction Date | Name of Entity to Whom Debt was Owed at Last Transaction | |
|---|---|---|
| 12/19/2017 | Citibank N.A. | |

## Bankruptcy Rule 3001(c)(2) Balance Itemization

| Total Claim Amount | Principal | Interest | Fee | Cost |
|---|---|---|---|---|
| $11,845.09 | $11,530.73 | $0.00 | $314.36 | $0.00 |

## Please send all notices and inquiries for additional account information/media to claims department:

| Quantum3 Group LLC as agent for | Phone | Uniform Claim Identifier |
|---|---|---|
| JHPDE Finance 1 LLC | (425) 242-7100 | Q2070936364 |
| PO Box 788 | Email | |
| Kirkland, WA 98083-0788 | claims@quantum3group.com | |

### Bankruptcy Rule 3001(c)(3)(A) Explanation of Terms

Current Creditor/Assignee - If the Current Creditor is the same as the Original Creditor Name, then Name of Assignor is not applicable because no assignment occurred. Otherwise, Current Creditor purchased the account from Assignor prior to the filing of the claim.
Last Payment Date - The last payment date may not be available or applicable because no payment was made on the account.
Charge Off Date – The charge off date is an accounting term, in which the account is reported as a loss due to nonpayment of a debt. This accounting event may occur before or after a bankruptcy filing.
Date of Last Transaction -The last transaction date is the date of the last activity on the account up until the account charged off by the original issuer or original creditor.
Name of Entity to Whom Debt was Owed at the Time of Last Transaction - The original issuer or original creditor is the entity whom the debt was owed at the time of the last transaction, as the original issuer or original creditor is the entity that recorded the transactions up until the account closed and charged off.

### Supplemental Information Regarding Medical Accounts

Due to federal and state medical privacy laws, documentation regarding the services underlying the medical account will not be attached.  Please send all inquiries for additional account information or media to the claims department, as provided above. Protected health information will only be disclosed, either directly to the patient/debtor or to a third party upon receipt of written authorization from the patient/debtor, pursuant to the Health Insurance Portability and Accountability Act. For medical accounts, no interest is assessed.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In re:                                                              Chapter 13

SONIA M. MIRANDA,                                Case No.: 23-73373-ast

                          Debtor.

-----------------------------------------------------------X

SONIA M. MIRANDA,

                            Plaintiff,

        -against-                                  Adv. Pro. No. 8-23-08068-ast

TLB 2019 LLC,

                            Defendant.

-----------------------------------------------------------X

## CERTIFICATE OF SERVICE

       I, PETER K. KAMRAN, an attorney duly admitted to practice law in the State of New York certify that:

1.      That on the 13th day of February, 2024, I served a copy of a **NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 7056 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** by depositing a true copy thereof in an official depository of the United States Postal Service contained in a securely closed post-paid envelope directed to the following persons by First Class Mail at the addresses designated below which are the last known addresses of the addressees and enclosed in an envelope containing name and return address of the party effecting service to:

Jeff Morganstern, Esq.               Office of the United States Trustee
Jeff Morganstern, PLLC            Long Island Federal Courthouse
One Old Country Road, Suite 320    560 Federal Plaza, Room 563
Carle Place, New York 11514       Central Islip, New York 11722-4456

Krista M. Preuss, Esq.
Standing Chapter 13 Trustee
100 Jericho Quadrangle, Suite 127
Jericho, New York 11753

                                  /s/ Peter K. Kamran
                                  Peter K. Kamran