

ROY J. LESTER*
GABRIEL R. KORINMAN
PETER K. KAMRAN
MARK I. MASINI**

JOHN SCHERER

*Also admitted in CA*
*\*\*Also Admitted in NJ*

**600 Old Country Road, Suite 330, Garden City, New York 11530**
Tel: (516) 357-9191 • Fax: (516) 357-9281• E-mail: rlester@lesterfirm.com

May 22, 2024

**VIA ECF:**

The Honorable Alan S. Trust
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re:     *Miranda vs. TLB 2019 LLC*, Adv. Pro. No. 23-08068-ast

Dear Honorable Sir:

This office represents Sonia Miranda (the "Plaintiff") in the above-referenced adversary proceeding (the "Adversary Proceeding") and I write pursuant to the invitation of the Court to address the issues raised by the Court at the hearing in the Adversary Proceeding held on April 16, 2024.

Initially, the Court identified *Tyler v. Hennepin Cty.*, 598 U.S. 631, 143 S. Ct. 1369 (2023), a case recently decided by the Supreme Court relating to the Takings Clause of the Fifth Amendment to the United States Constitution, and asked the parties to address whether or not the holding in the *Tyler* case had any applicability to the situation present in this Adversary Proceeding.

While it does not appear so on its face because TLB 2019 LLC ("Defendant") does not appear to be a governmental actor, that façade is easily brushed aside when one looks at the actual deed (the "Deed") [dkt item 12-4] conveying the Property to Defendant.  The Deed conveying the Property is executed by Giacomo A. Ciccone, as Treasurer of the Incorporated Village of Mineola" as grantee.  Logic dictates that the Village of Mineola (the "Village") must have (in some form or shape) "taken" Plaintiff's residence to have the power to give it to Defendant.

It may be argued that the Village did not receive any benefit from the transfer or "taking" of the Property to Defendant and thus, the Property was not "taken" for public use.  However, that precept fails to take into account the fact that the Village has an inherent interest in having private

actors purchase tax liens, thus providing immediate funds to the Village that it might otherwise have to wait for. This benefits the Village, and thus arguably, the public. The ability to claim a tax deed and, most likely reap a windfall, is just an incentive for the tax lien bidders to participate in this process which benefits the Village.

Therefore, based on the above, Plaintiff respectfully submits the Village did "take" the Property at some point and in some form so as to transfer the Property to Defendant, and the Village (the public) received a benefit, i.e., the apparently very lucrative incentive for persons to purchase tax liens from the Village, thus providing immediate funds to the Village for which the Village may otherwise have to wait.

The next issue that Court identified was, in a nutshell, "can a state adopt a statute or a statutory procedure that basically says, you cannot attack this transaction under federal bankruptcy law as a fraudulent transfer as long as the parties follow the state law protocol." referring to CPLR §5206's language "but no exempt homestead shall be exempt from taxation or from sale for non-payment of taxes or assessments."

*Tyler* provides some guidance on this question as well, wherein the Court states "The Takings Clause does not itself define property. For that, the Court draws on existing rules or understandings about property rights. State law is one important source. But state law cannot be the only source. Otherwise, a State could sidestep the Takings Clause by disavowing traditional property interests in assets it wishes to appropriate. The Takings Clause would be a dead letter if a state could simply exclude from its definition of property any interest that the state wished to take." *Tyler* at 1375 (internal citations and quotations omitted).

If the language in CPLR §5206 is read the way Defendant would read it then the Village is doing exactly what Minnesota did, making "an exception only for itself, and only for taxes on real property. But property rights cannot be so easily manipulated. Minnesota may not extinguish a property interest that it recognizes everywhere else to avoid paying just compensation when it is the one doing the taking." Id. at 1379 (internal citations and quotations omitted).

Additionally, and leading into the last issue identified by the Court and as set forth in Plaintiff's opposition to Defendant's motion for summary judgment, pursuant to 11 U.S.C. § 522(h) "The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor **could have exempted** such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title [11 USCS § 544, 545, 547, 548, 549, or 724(a)] or recoverable by the trustee under section 553 of this title [11 USCS § 553]; and (2) the trustee does not attempt to avoid such transfer. 11 U.S.C. § 522(h) (emphasis added).

In turn, 11 U.S.C. § 522(g) provides that" [n]otwithstanding sections 550 and 551 of this title [11 USCS §§ 550 and 551], the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title [11 USCS § 510(c)(2), 542, 543, 550, 551, or 553], to the extent that the debtor **could have exempted such property under subsection (b) of this section if such property had not been**

**transferred**, if—(1) (A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property"[1]. 11 U.S.C. § 522(g) (emphasis added).

The emphasized language in Sections 522(g) and (h) stresses a focus on a debtor's ability to exempt property **after** it has been recovered which has not yet occurred in this case. Stated differently, it makes no difference what exemptions the debtor has initially asserted (or even if she has asserted any exemptions at all) prior to recovery since the debtor obviously does not have an interest that is exemptible prior to recovery[2].

Rather, the question is could the debtor have exempted the property if the transfer had not occurred? Here it cannot be reasonably argued that Plaintiff could not have exempted her Residence if the transfer had not occurred. Indeed, Plaintiff could have exempted her Residence under either the federal exemptions or the exemptions offered under New York law if the transfer of her Residence had not occurred.

It must be noted that once the Residence is recovered, Plaintiff then has the ability to exempt the equity in the Residence above the tax liens. In other words, just like a voluntary mortgage lien, Defendant's tax lien trumps the homestead exemption (whether federal or state), but that is not to say that Plaintiff cannot exempt the remaining equity in her then recovered Residence.

I thank the Court for considering the above.

Respectfully submitted,

Peter K. Kamran, Esq.

cc:    All Appearing Counsel via ECF

---

[1] There is no dispute that the transfer was not voluntary and the property was not concealed.
[2] Indeed, upon recovery of her Residence, it is the Plaintiff's duty to file supplemental schedules listing the Residence acquired by the estate and any claimed exemption in the Residence. Fed. R. Bankr. P. 1007(h).